IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER MORALES, § <br> STEPHANIE MORALES and M. JOE § <br> PADILLA AS IRREVOCABLE § <br> POWER OF ATTORNEY FOR § <br> CHRISTOPHER MORALES AND § <br> STEPHANIE MORALES, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> GUILD MORTGAGE COMPANY, A § <br> CALIFORNIA CORPORATION, § <br>     Defendant. § | CIVIL ACTION NO. 5:22-CV-00999 |

**NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant Guild Mortgage Company LLC[1] ("Guild" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**I.    INTRODUCTION**

1. On August 31, 2022, Plaintiffs Christopher Morales, Stephanie Morales and M. Joe Padilla as Irrevocable Power of Attorney for Christopher Morales and Stephanie Morales filed Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") in an action styled *Christopher Morales, Stephanie Morales and M. Joe Padilla as Irrevocable Power of Attorney for Christopher Morales and Stephanie Morales v. Guild Mortgage Company, a California Corporation* pending in the 224th Judicial District Court of Bexar County, Texas, Cause No. 2022-CI-16947 (the "State Court Action").[2]

---

[1] Improperly named as Guild Mortgage Company, a California Corporation, in the Complaint, but appearing in its correct capacity herein.
[2] *See* **Exhibit A-2**: Plaintiff's Complaint (cited herein as "Compl." and incorporated by reference).

2. Plaintiffs sued Guild to stop a foreclosure sale of the property located at 10813 Bushbuck Chase, San Antonio, Texas 78245 (the "Property"). Plaintiffs seek injunctive relief to prevent foreclosure. Additionally, Plaintiffs sued Guild for alleged breach of written contract, alleging Guild failed to give Plaintiffs thirty days to cure the default under the loan. Plaintiffs also sued Guild for alleged breach of verbal contract, alleging "Plaintiffs would show that a valid and enforceable agreement existed between the parties in the form of a verbal agreement to stop the foreclosure sale and reinstate the mortgage agreement."

3. Guild has not been served, and this lawsuit was filed less than thirty days ago. Therefore, this Notice of Removal is timely filed pursuant 28 U.S.C. § 1446(b).

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and Guild, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists.**

5. Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

6. According to the Complaint, Plaintiffs reside, and are thus domiciled, in Texas. Therefore, Plaintiffs are citizens of Texas for the purpose of diversity jurisdiction.

7. Defendant Guild is a California limited liability company. The citizenship of an LLC is determined by the citizenship of its members.[3] The sole member of Guild Mortgage Company LLC is Guild Holdings Company. Guild Holdings Company is incorporated in Delaware and has its principal place of business in San Diego, California. Therefore, Guild is a

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

citizen of California and Delaware for purpose of diversity jurisdiction.

8. Because Plaintiffs are citizens of Texas and Guild is a citizen of California and Delaware, complete diversity exists.[4]

**B.    Amount in Controversy Exceeds $75,000.**

9. Diversity jurisdiction is proper if "'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].' . . . If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'"[5] Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[6]

10. The Fifth Circuit has held "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[7] When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[8] And, where the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[9] When a plaintiff seeks a declaration that the mortgagee is barred from foreclosing on its interest in the property, it calls into question a right to

---

[4] *See* 28 U.S.C. § 1332(a)(1).
[5] *Govea v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-10-3482, 2010 WL 5140064, at *2 (S.D. Tex. Dec. 10, 2010) (quoting *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))).
[6] *Garcia*, 351 F.3d at 638-39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[7] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).
[8] *McDonald v. Deutsche Bank Nat'l Trust Co., as trustee*, No. 3:11-cv-2691, 2011 WL 6396628 at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545,547-48 (5th Cir. 1961)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir., 1983) ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").
[9] *Martinez v. BAC Home Loans Servicing, L.P.*, No. SA-09-CA-951, 2010 WL 6511713, at *7 (W.D. Tex. Sep. 24, 2010).

the property in its entirety and the amount in controversy is equal to the value of the property.[10] Additionally, the Fifth Circuit has held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[11]

11. In this case, the purpose of Plaintiffs' Complaint is to prevent foreclosure and Plaintiffs seek injunctive relief to accomplish this purpose. Therefore, the fair market value of the Property is the proper measure of the amount in controversy. The Bexar County Appraisal District values the Property at $322,430.[12] Therefore, based on the value of the relief sought by Plaintiffs in the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### III. VENUE

12. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(2) because this district and division embrace the 224th Judicial District Court of Bexar County, Texas, the forum in which the State Court Action was pending.

### IV. ADDITIONAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1** | Case information summary; |
| **Exhibit A-2 – A-3:** | All documents filed in the State Court Action; |
| **Exhibit B:** | List of counsel; |
| **Exhibit C:** | Bexar County Appraisal District 2022 Notice of Appraised Value. |

---

[10] *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL-4346328, at *2 (N.D. Tex. Sept. 16, 011) (holding the amount in controversy is equal to the value of the property when plaintiff was seeking a declaration that defendant was barred from foreclosing on its interest the property); *see also Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4–5 (N.D. Tex. July 8, 2011).
[11] *Id.*
[12] *See* **Exhibit C**: Bexar County Appraisal District 2022 Notice of Appraised Value.

14. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

15. Therefore, Defendant gives notice that the above-referenced action now pending against it in the 224th Judicial District Court of Bexar County, Texas has been removed to this Court.

    Respectfully submitted,

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
**Kirsten Vesel**
Texas Bar No. 24121183
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com
kvesel@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT GUILD MORTGAGE COMPANY, LLC**

**CERTIFICATE AND NOTICE OF FILING**

I certify that on September 13, 2022 the Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

    */s/ Valerie Henderson*
    Valerie Henderson

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon counsel of record via e-filing and first-class mail pursuant to the Federal Rules of Civil Procedure on September 13, 2022:

George B. Dombart
Attorney at Law
401 E. Sonterra Blvd., Suite 375
San Antonio, Texas 78258
georgedombart@icloud.com
Attorney for Plaintiff

                                                   */s/ Valerie Henderson*
                                                   Valerie Henderson